**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LEWIS MACHINE & TOOL COMPANY,
Plaintiff-Appellant,

v.

U.S. DEPARTMENT OF DEFENSE;
WILLIAM PERRY, SECRETARY OF
DEFENSE,                                                    No. 97-1035
Defendants-Appellees,

and

UNITED DEFENSE LIMITED
PARTNERSHIP,
Intervenor-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-96-1275-A)

Argued: July 10, 1997

Decided: October 6, 1997

Before NIEMEYER, MICHAEL, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Alan Mark Grayson, ALAN M. GRAYSON & ASSO-
CIATES, McLean, Virginia, for Appellant. Stuart Wilson Risch,

UNITED STATES ARMY LITIGATION DIVISION, Arlington, Virginia, for Appellees. **ON BRIEF:** Michael A. Lewis, ALAN M. GRAYSON & ASSOCIATES, McLean, Virginia, for Appellant. Helen F. Fahey, United States Attorney, James E. Macklin, Special Assistant United States Attorney, Alexandria, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lewis Machine & Tool Company filed this action against the Department of the Army, contending that Lewis Machine had been wrongfully eliminated from the competition to supply the Army with a new, lightweight 155mm howitzer. The district court denied Lewis Machine's motion for injunctive relief and entered summary judgment for the Army.

After the Army surveyed its arsenals for their interest in producing new howitzers and found none, it decided to buy the howitzers from the private sector, as authorized by the Arsenal Statute, 10 U.S.C. § 4532. In its request for proposal addressed to the private sector, the Army stated that it would make multiple competitive shoot-off awards and that the winner of the shoot-off competition would receive an engineering and manufacturing development contract.

Rock Island Arsenal, an Army arsenal that had developed a howitzer but was not interested in producing it for the Army, contacted Lewis Machine, offering the howitzer to Lewis Machine for the shoot-off competition. Because the Army had closed the competition to Department of Defense activities, Rock Island Arsenal persuaded the Army to amend the request for proposal to provide for "competition between Department of Defense Activities and private firms for subcontracting pursuant to 10 U.S.C. § 2208(j)." (Emphasis added).

2

Section 2208(j) authorizes defense facilities to manufacture and sell articles to persons outside of the Department if-- "(1) the person purchasing the article . . . is fulfilling a Department of Defense contract; and (2) the Department of Defense solicitation for such contract is open to competition between Department of Defense activities and private firms." Rock Island Arsenal then agreed with Lewis Machine to provide a prototype howitzer which Rock Island Arsenal had developed with government funds. Although the agreement specified that the United States would retain all rights to technical data, the agreement gave Lewis Machine the right to sell to the United States any design changes or technical improvements. Rock Island Arsenal did not advertise the howitzer or offer it to the other private parties in the shoot-off competition.

On April 25, 1996, Lewis Machine presented Rock Island Arsenal's prototype for the shoot-off competition. When, however, the Army discovered that Lewis Machine's entry was entirely Rock Island Arsenal's product, it rejected the entry because Rock Island Arsenal's involvement was tantamount to direct competition for the prime contract, violating the Army's rules for the competition. Lewis Machine filed this action for equitable relief, and both parties filed motions for summary judgment. From the district court's judgment affirming the Army's decision, Lewis Machine noticed this appeal.

After carefully reviewing the record in this case and considering the arguments of counsel, we have decided to affirm for the reasons stated by the district court in its opinion granting summary judgment. See Lewis Machine & Tool Co. v. United States Dep't of Defense, Civil No. 96-1275-A (E.D. Va. Nov. 22, 1996).

AFFIRMED